UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.    CASE NO. 3:20-cv-J-32-MCR

$420,000.00

    Defendant.

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

In accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Plaintiff United States of America brings this complaint and alleges upon information and belief as follows:

## NATURE OF THE ACTION

1. This is a civil action in rem to forfeit to the United States $420,000.00 (Defendant Funds). This action is brought pursuant to 18 U.S.C. § 981(a)(1)(C) because the Defendant Funds are derived from proceeds traceable to a violation of 18 U.S.C. § 1343 (wire fraud). In addition, this action is brought pursuant to 18 U.S.C. § 981(a)(1)(A) because the Defendant

Funds are traceable to property involved in monetary transactions in violation of 18 U.S.C. §§ 1956 and 1957.

## JURISDICTION AND VENUE

2.  The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1345, which provides the Court with jurisdiction over all civil actions commenced by the United States, and pursuant to 28 U.S.C. § 1355, which provides the Court with jurisdiction over actions to recover or enforce forfeitures.

3.  This Court has in rem jurisdiction over the Defendant Funds because pertinent acts giving rise to the forfeiture occurred in the Middle District of Florida. 28 U.S.C. § 1355(b)(1)(A).

4.  Venue properly lies in the Middle District of Florida pursuant to 28 U.S.C. § 1395(b) because the Defendant Funds were surrendered within the district.

5.  The United States requests that the Court enter an order finding that probable cause exists to believe that the Defendant funds are subject to forfeiture and directing the Clerk of Court to issue an arrest warrant *in rem* for the Defendant funds.

6. The United States will then execute the warrant on the Defendant Funds pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

## THE DEFENDANT IN REM

7. The Defendant Funds are located in Duval County, Florida, in the Middle District of Florida.

## FORFEITURE AUTHORITY

8. Because the Defendant Funds are traceable to proceeds of wire fraud, they are subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), which states the United States may civilly forfeit property which constitutes, or is derived from proceeds of "specified unlawful activity," as defined in 18 U.S.C. § 1956(c)(7). Section 1956(c)(7) defines "specified unlawful activity" to include activities described in section 1961(1), such as violations of 18 U.S.C. § 1343 (wire fraud).

9. Because the Defendant Funds are traceable to property involved in money laundering, they are subject to civil forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A), which states the United States may civilly forfeit any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and/or 1957, or any property traceable to such property.

10. Specific details of the facts supporting the forfeiture of the Defendant Funds have been provided by United States Secret Service Special Agent Jeffrey Boothe (SA Boothe), who obtained the information through investigation, reviewing documents, and communicating with witnesses and other law enforcement officers.

11. The facts set forth below are not all the facts gathered by law enforcement during the investigation. Rather, as required by Rule G(2)(f), the facts set forth herein support a reasonable belief that the government will be able to meet its burden of proof at trial. Specifically, that the government will be able to show by a preponderance of the evidence that the Defendant Funds are subject to forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 981(a)(1)(A).

## FACTS

12. SA Boothe is a Senior Special Agent with the United States Secret Service (USSS) and has been so employed since April 1999. He is currently assigned to the Jacksonville, Florida Field Office of the USSS. He received law enforcement instruction at the South Carolina Criminal Justice Academy, Columbia, SC, attended the Criminal Investigator Training Program at the Federal Law Enforcement Training Center, Glynn County, Georgia, and the USSS Special Agent Training Course in Beltsville,

Maryland. He has attended a variety of training regarding investigative techniques involving fraud related crimes, including wire fraud, access device fraud, bank fraud, money laundering, and asset forfeiture. As part of his duties as a Special Agent, he has investigated and assisted in the investigation of matters involving wire fraud, bank fraud, money laundering, and asset forfeiture.

13. To summarize the scheme forming the basis for forfeiture of the Defendant Funds, Raymond L. Hutchins, Sr., a Certified Public Account, now deceased, defrauded long-standing clients in a wire fraud and money-laundering scheme from at least 2010 through mid-2016. His defrauded clients were:

(a) the Cynthia L. Baker Trust, for the benefit of Edward L. Baker (C.L. Baker Trust), and Edward L. Baker, individually, of Jacksonville, Florida. The total approximate loss to the Baker Trust is approximately $6,591,862.09;

(b) the Wallace Joint Trust and its Sub-trusts (The Wallace Trust) and Edna B. Wallace, individually (who died on April 28, 2014) of Jacksonville, Florida. The total approximate loss to the Wallace Trust is $2,602,572.33; and

(c) the Robert L. Kirk Trust (R.L. Kirk Trust), and Robert L. Kirk, individually (who died in December 2017) of Washington, D.C. The total approximate loss to the Kirk Trust was $2,872,237.69.

14. Hutchins, Sr. had two separate schemes. He fraudulently overpaid federal income taxes on behalf of the C.L. Baker Trust and Baker, individually, with Baker funds. He then received IRS refund checks and deposited the funds into accounts he fraudulently opened in the names of the C.L. Baker Trust and Baker, individually. Additionally, Hutchins, Sr. illegally wired funds from the legitimate bank accounts of the Wallace and Kirk Trusts and Wallace and Kirk, individually, into accounts he fraudulently opened in the names of these Trusts or into accounts in the names of Kirk and Wallace, individually, over which he exercised a Power of Attorney.

15. Hutchins, Sr. opened accounts in his own name and in the names of purported entities he owned, which did not appear to be legitimately functioning companies. Rather, it appears that Hutchins, Sr. created the entities and bank accounts for those entities to facilitate the laundering of the wire fraud proceeds.

16. Hutchins, Sr. deposited proceeds from the two fraud schemes into the accounts he had opened, and he conducted a complex web of wire transfers of scheme proceeds among the various accounts, commingling assets belonging to all three Trusts. He, thus, laundered the funds among these different accounts, concealing and disguising the nature, the location, the

source, the ownership and/or control of the proceeds. The schemes involving the Kirk Trust originated as early as 2001 and 2010 for the Baker Trust.

17. Financial tracing for purposes of this case and the related civil forfeiture case, discussed below, focused on the time period of December 31, 2013 until the death of Hutchins, Sr. on June 7, 2016, during that time the personal and business accounts controlled by Hutchins, Sr. (referred to in general as the Hutchins' accounts) received over $22.5 million in deposits, which included significant transfers of the same money between the accounts. The total non-laundered deposits were in excess of $9.2 million; of this amount over $8.7 million consisted of direct proceeds of the schemes to defraud Wallace, Kirk, and Baker. The direct proceeds and laundered funds were used to purchase vehicles, watercraft, personal tangible property, securities and assets, and real property. Some of this property was the subject of the related civil forfeiture case, *United States v. $3,749,960.40, et al*, Case No. 3:19-cv-564-J-34PDB. The United States incorporates by reference herein the Complaint in that case. Doc. 1.

18. One of the companies Hutchins, Sr. formed was Hutchins Investments, dba CPA Excavating, a company which essentially had no legitimate earnings. The Defendant Funds are traceable to a portion of the equity in a piece of real property, which was purchased with funds from the

account of Hutchins Investments, dba CPA Excavating (Regions ~8203), consisting of illegal proceeds that Hutchins, Sr. had obtained in violation of 18 U.S.C. § 1343 and funds laundered by Hutchins, Sr. in violation of 18 U.S.C. §§ 1956 and 1957.

19. The balance of Regions ~ 8203 on December 22, 2011, was $20.00. After that, deposits and transfers of over $5,300,000.00 were made into the account. Of the deposits, $4,147,791.00 consisted of laundered transfers from other Hutchins controlled accounts, and $35,499.13 in scheme proceeds were directly traceable to the legitimate Wallace Trust account. Thus, $4,183,291.00[1], or 79% of the total deposits into this account, consisted of layered funds and fraudulent transfers from the Wallace Trust account.

20. Over $1,044,424.00 of the deposits into Regions ~8203 were in the form of checks written to CPA Excavating or to Hutchins Investments, another of the Hutchins' companies, which were written from other Hutchins' accounts containing g scheme proceeds and/or were involved in laundering accounts.

21. On or about August 6, 2015, Hutchins, Sr.'s son, unaware of his father's crimes, used funds directly from Regions ~8203 to purchase a

---

[1] The source and legitimacy of the remaining deposits is still under investigation. However, Hutchins Investments never declared income.

personal residence located at 3943 Barcelona Avenue, Jacksonville, FL. The son made two separate payments from Regions ~8203 to purchase the property: (1) he transferred $20,000.00 from Regions ~8203, to his personal Regions Bank account ~7402 (Regions ~7402) on July 2, 2015, and then on July 6, 2015, R.H.Jr. wired the $20,000.00 from Regions ~7402 to Servicelink LLC, as a down payment for the real property; and (2) on August 6, 2015, he wired $400,580.78 from Regions ~8203 to PNC Bank to complete the purchase of the defendant real property.

22. Hutchins Investment's accounting records identify the funds used to purchase the Barcelona Avenue property as a separate loan account due from the son and his wife, who had not repaid the loan when Hutchins, Sr. died.

23. Since the real property at 3943 Barcelona Avenue was purchased with funds from an account in which the majority of the deposits consisted of scheme proceeds and of laundered funds, the Defendant Funds, which represents current equity in the real property, is subject to forfeiture under 18 U.S.C. § 981(a)(1)(c) as funds traceable to the proceeds of violations of 18 U.S.C. § 1343 and 18 U.S.C. § 981(a)(1)(A) as property traceable to property involved in money laundering in violation of 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1957.

24. Further, the owners of the Defendant Funds consent to the forfeiture sought in the instant complaint and contemporaneously herewith are filing a Consent for Forfeiture of the funds.

## CONCLUSION

WHEREFORE, pursuant to Supplemental Rule G, Plaintiff, United States of America, requests that this Court initiate a process of forfeiture against the Defendant Funds and duly notice all interested parties to appear and show cause why the forfeiture should not be decreed.

The United States further requests that the Court order the Defendant Funds forfeited to the United States for disposition according to law, and that the United States have such other relief as this case may require.

Dated: August _13_ 2020.

Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By: *Bonnie A. Glober*
BONNIE A. GLOBER
Assistant United States Attorney
Florida Bar No. 0748307
300 N. Hogan Street, Suite 700
Jacksonville, Florida 32202
Telephone: (904) 301-6300
Facsimile: (904) 301-6310
E-mail: bonnie.glober@usdoj.gov

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I, Jeffrey Boothe, declare under the penalty of perjury, that I am a Special Agent with the United States Secret Service. I have read the foregoing Verified Complaint for Forfeiture in Rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my knowledge and belief.

I have acquired my knowledge in this matter through my personal experience, observation, and investigation, and through information conveyed to me by other law enforcement officers, as well as information contained in the official files and records of the United States.

Executed this 11th day of August, 2020.

JEFFREY BOOTHE
Special Agent
United States Secret Service

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
AUSA Bonnie A. Glober, U.S. Attorney's Office, 300 N. Hogan Street, Suite 700, Jacksonville, FL 32202  (904) 301-6300

## DEFENDANTS

$420,000.00

County of Residence of First Listed Defendant  Duval County
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)
Alex King, Esquire, Monroe & King, 200 E. Forsyth Street, Jacksonville, FL 32202  (904) 474-3115

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1 U.S. Government Plaintiff
[ ] 2 U.S. Government Defendant
[ ] 3 Federal Question (U.S. Government Not a Party)
[ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 365 Personal Injury - Product Liability | [ ] 630 Liquor Laws | PROPERTY RIGHTS | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / PERSONAL PROPERTY | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | [X] 690 Other | | [ ] 490 Cable/Sat TV |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | LABOR | SOCIAL SECURITY | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 195 Contract Product Liability | / [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motions to Vacate Sentence | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / Habeas Corpus: | [ ] 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 894 Energy Allocation Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty | IMMIGRATION | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 895 Freedom of Information Act |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 440 Other Civil Rights / [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from another district (specify)
[ ] 6 Multidistrict Litigation
[ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
18 U.S.C. 981(a)(1)(C) and 18 U.S.C. 981(a)(1)(A)

Brief description of cause:
civil forfeiture in rem

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [ ] Yes  [X] No

## VIII. RELATED CASE(S) IF ANY

(See instructions:)
JUDGE  Marcia Morales Howard
DOCKET NUMBER  3:19-cv-564-J-34PDB

DATE  8/13/20
SIGNATURE OF ATTORNEY OF RECORD  Bonnie A. Glober

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____